# 2003 DTA 133

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

GERMAN SANCHEZ ARROYO, ET ALS
Demandantes-Apelados

v.

LUIS OYOLA MENDEZ, ET ALS
Demandados

------------------------------------

M.A. CARIBBEAN CORPORATION Y ANTILLES INSURANCE COMPANY
Demandados-Terceros Demandantes-Apelantes

v.

MACK TRUCKS, INC.
Tercera Demandada-Apelada

Núm. KLAN-03-00582

San Juan, Puerto Rico, a 21 de agosto de 2003

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Rodríguez García y Salas Soler

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparecen ante esta Curia los apelantes, M.A. Caribbean Corporation y Antilles Insurance Company, en el interés de obtener la revocación de una sentencia parcial emitida por el Tribunal de Primera Instancia que desestimó mediante sentencia sumaria la demanda contra terceros que incoaran contra Mack Trucks, Inc. Lo anterior como resultado de la demanda sobre daños y perjuicios que presentara Germán Sánchez Arroyo y otros contra los apelantes y Luis Oyola Méndez y otros.

A su vez, los apelantes procuran la revisión de una orden emitida por el tribunal de instancia que denegó la moción de sentencia sumaria que éstos presentaran basada en iguales fundamentos que los utilizados en la desestimación de la demanda contra terceros incoada contra Mack Trucks, Inc.

Por los fundamentos que habremos de exponer, se confirman los dictámenes emitidos por el foro de instancia.

### I

Los hechos que originaron el pleito que hoy nos ocupa acontecieron el 28 de enero de 1998, cuando se suscitó un accidente entre un vehículo de motor Mitsubishi, Modelo 1993, conducido por Germán Sánchez Arroyo y un camión Mack propiedad de Heriberto Echevarría Molina. El camión era conducido en ese entonces por Luis Oyola Méndez.

El accidente ocurrió cuando una de las gomas traseras de doble eje del camión Mack se desprendió del mismo impactando el vehículo de Germán Sánchez Arroyo, quien se había estacionado al margen de la carretera 172, Km. 6.4 de Caguas.

El camión Mack del año 1998, fue adquirido por el señor Heriberto Echevarría mediante compra a M.A. Caribbean Corporation el 12 de diciembre de 1997. A su vez, dicho camión fue fabricado por Mack Trucks, Inc. y entregado por dicha empresa a M.A. Caribbean Corporation.

Así las cosas, el 28 de diciembre de 1998, Germán Sánchez Arroyo incoó demanda sobre daños y perjuicios contra Luis Oyola, su esposa y la sociedad legal de gananciales entre ellos compuesta; PRAICO; M.A. Caribbean Corp. y Antilles Insurance Company.

Posteriormente, el 18 de noviembre de 1999, M.A. Caribbean y Antilles Ins. Co. incoaron demanda contra terceros, contra Mack Trucks Inc. La demanda se fundamentó en que Mack Trucks Inc., era el fabricante del camión que alegadamente estuvo relacionado en el accidente de tránsito y motivó una reclamación contra M.A. Caribbean y Antilles Ins. Co. Por ende, alegaron que Mack Trucks Inc. le era responsable a los aquí apelantes y/o directamente a los demandantes debido a que la goma del camión que alegadamente se desprendió ocasionando el accidente, fue el resultado de algún defecto atribuible al fabricante. De otra manera, el fabricante le había garantizado a M.A. Caribbean que el vehículo y sus accesorios estaban libres de defectos.

Luego de varios incidentes procesales relacionados al descubrimiento de prueba y la conferencia con antelación al juicio, el tribunal de instancia determinó la exclusión de cierta prueba pericial. De esta determinación se recurrió ante este Foro que denegó la expedición del auto de *certiorari* solicitado.

Así las cosas, Mack Trucks Inc. presentó una moción de sentencia sumaria alegando que la parte aquí apelante, promovente de la demanda contra terceros, carecía de la prueba pericial necesaria para probar su causa de acción de responsabilidad absoluta. Ello debido a que de conformidad al ordenamiento aplicable si el daño no es atribuible a un defecto del producto, no hay base para aplicar la norma de responsabilidad absoluta.

Acogiendo los planteamientos esbozados por Mack Trucks Inc. en su moción, el Tribunal de Primera Instancia dictó sentencia parcial mediante la cual desestimó el pleito contra el tercero demandado. A esos efectos resolvió que tanto la parte demandante como la parte tercero demandante carecían de la prueba pericial necesaria para probar su caso, por lo que procedía se dictara sentencia sumaria. Expresó que no surgía del expediente, ni del Informe de Conferencia con Antelación a Juicio, que se hubiese anunciado perito ni rendido Informe Pericial relacionado a producto defectuoso alguno diseñado o fabricado por Mack Trucks, Inc.

Por su parte, los aquí apelantes solicitaron se dictara sentencia sumaria a su favor por los mismos fundamentos esbozados por Mack Trucks, Inc. y acogidos por el tribunal de instancia. Adujeron que si no había prueba pericial para sustentar la causa de acción contra Mack Trucks, Inc., tampoco se sustentaba la reclamación incoada por Germán Sánchez contra ellos. No obstante, el tribunal se negó a dictar sentencia sumaria a favor de los apelantes.

Insatisfechos, los aquí apelantes acudieron ante este Foro mediante el recurso de epígrafe señalando que el Tribunal de Primera Instancia incurrió en los siguientes errores:

*"Erró el Tribunal de Primera Instancia al denegar la Moción Solicitando Sentencia Sumaria radicada por las partes apelantes M.A. Caribbean Corporation y Antilles Insurance Company, aun cuando no existía controversia de hecho material que impidiese la desestimación sumaria del pleito a su favor.*

*Erró el Tribunal de Primera Instancia al dictar Sentencia Parcial desestimatoria de la causa de acción en contra de los terceros demandados Mack Trucks, Inc. y no decretar la desestimación de las partes apelantes aquí comparecientes por idénticos fundamentos, siendo los terceros demandantes como los terceros demandados participantes solidarios en la reclamación por productos defectuosos.*

*Erró el Tribunal de Primera Instancia al negarse a determinar que, como cuestión de derecho, las apelantes aquí comparecientes, M.A. Caribbean Corporation y Antilles Insurance Company, no responden frente a la parte demandante de conformidad con la doctrina de la responsabilidad absoluta por productos defectuosos y su norma aplicable en nuestro ordenamiento jurídico."*

Luego de examinar detenidamente el expediente ante nuestra consideración, encontramos que no le asiste la razón a los apelantes. Veamos.

## II

Por estar íntimamente relacionados, consideramos los errores señalados conjuntamente.

La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, faculta a una parte a presentar una moción con el fin de que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. *Jusino Figueroa v. Walgreens*, __ D.P.R. __ (2001); **2001 J.T.S. 154**, opinión 1 de noviembre de 2001; *Soto v. Caribe Hilton*, 137 D.P.R. 294 (1994).

De otra parte, la Regla 36.3 del mismo cuerpo legal, autoriza al tribunal a dictar sentencia sumaria cuando no existe *"controversia real sustancial en cuanto a ningún hecho material y ...como cuestión de derecho debe dictarse sentencia a favor de la parte promovente"*. *Rodríguez v. Secretario de Hacienda,* 135 D.P.R. 219 (1994); *Tello v. Eastern Airlines*, 119 D.P.R. 83, 86 (1987); *Corp. of the Presiding Bishop C.J.C. of LDS v. Purcell*, 117 D.P.R. 714, 720-721 (1986).

El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de los pleitos que no presentan controversias genuinas y sustanciales de hechos materiales, por lo que resulta innecesaria la celebración del juicio plenario. *Hurtado v. Osuna*, 138 D.P.R. 801 (1995). Utilizado correctamente, es un vehículo procesal adecuado que contribuye a descongestionar los calendarios judiciales. *Pilot Insurance v. Crespo*, 136 D.P.R. 624 (1994). La sentencia sumaria procede únicamente en casos claros en ocasión del tribunal tener ante sí la verdad sobre todos los hechos pertinentes y no hace falta el juicio en su fondo. *J.A.D.M. v. Centro Comercial Plaza Carolina*, 132 D.P.R. 785 (1993).

Al dictar sentencia sumaria, el tribunal deberá: (1) analizar los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente del tribunal; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido controvertidos o refutados en forma alguna por los documentos. *Corp. of the Presiding Bishop C.J.C. of LDS v. Purcell, supra.*

El tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que han sido refutados; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. *PFZ Properties v. General Accident Insurance Corp., supra.* No es aconsejable utilizar el mecanismo procesal de la sentencia sumaria cuando están presentes elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad sea esencial. *Soto v. Hotel Caribe Hilton, supra.*

Existen litigios y controversias que por la naturaleza de los mismos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente, en tales casos, el tribunal puede reunir toda la verdad de los hechos mediante el examen directo de las *"affidávits"* o deposiciones que tiene ante su consideración. En este caso, encontramos una de esas controversias típicas, centradas en elementos subjetivos, como la intención y los propósitos mentales, en las que el factor de credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad y donde un litigante depende de gran medida de lo que extraiga del contrario, en el curso de un juicio en su fondo. *García López v. Méndez García*, 88 D.P.R. 363, 379 (1963). Constituye una de

esas situaciones donde, por su naturaleza, el tribunal de instancia podría no tener ante sí toda la verdad de los hechos, mediante el uso exclusivo de los documentos existentes en los autos. *Soto v. Hotel Caribe Hilton, supra*.

Según resuelto reiteradamente por el Tribunal Supremo, toda vez que existen dudas sobre la procedencia de la moción, o de las alegaciones respondientes, la misma debe ser resuelta en contra de la parte que la propuso. Véanse, *Bonilla Medina v. P.N.P.,* 140 D.P.R. 294 (1996); *Rivera Santana v. Superior Packing, Inc.,* 132 D.P.R. 115 (1992).

En el caso presentado ante nuestra consideración, el Tribunal de Primera Instancia se negó a dictar sentencia sumaria a favor de los apelantes. Al así hacerlo, encontramos que actuó correctamente el foro de instancia. La sentencia sumaria no es el vehículo procesal adecuado para disponer del pleito. Veamos la razón.

El Tribunal Supremo de Puerto Rico tuvo la oportunidad de examinar detenidamente la doctrina de la responsabilidad absoluta extracontractual en nuestra jurisdicción en *Aponte Rivera v. Sears Roebuck de P.R., Inc.,* __ D.P.R. __ (1998), **98 J.T.S. 12**, opinión de 24 de febrero de 1998. Allí se dispuso que la norma de responsabilidad absoluta del fabricante o vendedor por daños causados por productos defectuosos o peligrosos era de aplicación en nuestra jurisdicción.

El Tribunal Supremo ha señalado que para poder prevalecer en un caso en el que se le imputa responsabilidad a un manufacturero, el demandante tiene que establecer lo siguiente:

*"...en primer lugar, la existencia del defecto del producto y, en segundo término, que dicho defecto fue la causa legal de los daños o lesiones sufridas por ella. Así pues, bajo la norma de responsabilidad absoluta que en este tipo de caos rige en nuestro ordenamiento, el perjudicado no tiene que probar la negligencia del fabricante ni del vendedor, pero sí tiene que probar que el producto era defectuoso"*. *Rivera v. Superior Pkg., Inc.,* 132 D.P. R. 115 (1989).

Bajo la norma de responsabilidad absoluta, el perjudicado tiene que probar que el producto era defectuoso y que el defecto le ocasionó un daño. Esto es, tiene que demostrar que el producto defectuoso fue la causa legal de las lesiones sufridas. H. Brau del Toro, *Los Daños y Perjuicios Extracontractuales en Puerto Rico*, San Juan, **Publicaciones J.T.S.,** 1986, Vol. II, Cap. XVI, págs. 896-897 y 906.

De otra manera, *"si el daño no es atribuible a un defecto del producto, no hay base para aplicar la norma de responsabilidad absoluta"*. *Mendoza v. Cervecería Corona, Inc.,* 97 D.P.R. 499 (1969).

Un producto defectuoso es aquél que falla en igualar la calidad promedio de productos similares. *Montero Saldaña v. Amer. Motors Corp.,* 107 D.P.R. 452 (1978). Dicha definición debe interpretarse de manera que se entienda que el producto del que se trate carezca de un mínimo de aceptación de calidad; ya que interpretar lo contrario, significaría que cualquier producto podría ser defectuoso.

Ahora bien, el fabricante no es asegurador de todos los daños que puedan ser ocasionados por sus productos. Será responsable de los daños sufridos por el demandante cuando éste haya utilizado el producto para un uso razonablemente previsible. También se ha determinado que, en los casos donde se impone responsabilidad extracontractual bajo la doctrina de responsabilidad absoluta, es de aplicación la norma de la graduación de culpa. *Montero Saldaña v. Amer. Motors Corp., supra*.

En atención a la doctrina anteriormente esbozada, resulta claro que se requiere prueba pericial para sustentar una reclamación sobre responsabilidad absoluta. Es decir, este tipo de acción, por su naturaleza, requiere que se demuestre el defecto del producto mediante prueba pericial. Habiéndose determinado la exclusión de prueba pericial, procedía que se dictara sentencia a favor de Mack Trucks, Inc., toda vez que la demanda contra tercero

incoada versaba esencialmente sobre una reclamación por producto defectuoso.

Sin embargo, al evaluar la reclamación instada por Germán Sánchez Arroyo y otros contra la parte aquí apelante, nos percatamos de que la misma se basó en una acción de daños y perjuicios a tenor con el Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. §5141, distinto a la reclamación incoada por los terceros demandantes. A esos efectos, el Tribunal de Primera Instancia hizo constar en su sentencia parcial que la parte demandante en la demanda original no trajo como demandado a Mack Trucks ni enmendó sus alegaciones para invocar la doctrina de responsabilidad absoluta en atención a un producto defectuoso.

En su alegato, Mack Trucks, Inc. sostuvo que la demanda original y la demanda contra tercero parten de reclamaciones distintas. Avalamos su posición.

La exclusión de prueba pericial para probar la existencia de producto defectuoso no constituye un impedimento para dilucidar una acción de daños bajo el precepto del Artículo 1802, *supra*.

Para concluir, se hace imperioso esbozar el ordenamiento jurídico en torno a la doctrina de daños. Las acciones en daños y perjuicios y la consiguiente responsabilidad derivada de actos u omisiones culposos o negligentes están gobernados por el Artículo 1802 del Código Civil y la jurisprudencia interpretativa del mismo emitida por el Tribunal Supremo. 31 L.P.R.A. sec. 5141; *Aponte v. E.L.A.*, 142 D.P.R. 464 (1997); *J.A.D.M. v. Centro Comercial Plaza Carolina*, 132 D.P.R. 785 (1993); *Elba A.B.M. v. U.P.R.*, 125 D.P.R. 294 (1990).

El Artículo 1802 establece lo siguiente:

*"El que por acción u omisión causa daño a otro interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."*

Para que exista responsabilidad civil bajo el precitado artículo, se requiere que concurran los siguientes factores: (1) que efectivamente se haya sufrido un daño; (2) que haya un nexo o relación causal entre el daño sufrido y la acción u omisión de otra persona, y (3) que en el acto u omisión intervenga culpa o negligencia. *Ramírez Salcedo v. E.L.A.*, 140 D.P.R. 385 (1996); *Tormos Arroyo v. Departamento de Instrucción*, 140 D.P.R. 265 (1996); *Monllor Arzola v. Sociedad de Gananciales*, 138 D.P.R. 600 (1995).

La culpa o negligencia es la falta del debido cuidado; es no anticipar y prever las consecuencias naturales que determinado acto u omisión generen. Lo anterior debe ser examinado desde la óptica de una persona prudente y razonable, es decir, lo que una persona prudente habría de anticipar en las mismas circunstancias. *Toro Aponte v. E.L.A., supra.*

El Artículo 1802 está predicado, entre otros, en el principio de causalidad adecuada. El mismo postula que *"causa es aquélla que comúnmente produce el daño"*. *Elba A.B.M. v. U.P.R., supra; Toro Aponte v. E.L.A., supra*. Es por ello que un demandado responde en daños si su negligencia, sea ya ésta por acción u omisión, es la causa próxima del daño, aun cuando no sea la única causa del mismo. *Velázquez v. Ponce*, 113 D.P.R. 39 (1982).

En virtud de lo anterior, forzoso es concluir que no procedía dictar sentencia sumaria a favor de los apelantes, por cuanto la reclamación en su contra está basada en el Artículo 1802 y no en la doctrina de responsabilidad absoluta por productos defectuosos. No se favorece el uso del mecanismo de sentencia sumaria en casos de daños y perjuicios.

Por todo lo anteriormente expuesto, resolvemos que actuó correctamente el tribunal de instancia al dictar sentencia sumaria a favor de Mack Trucks, Inc. y denegar la solicitud del mismo mecanismo procesal presentada

por los aquí apelantes.

Habida cuenta de los fundamentos precedentemente expuestos, se confirman los pronunciamientos emitidos por el Tribunal de Primera Instancia.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General