# 2003 DTA 146

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN
## PANEL II

RICHARD ORTIZ RIVERA, LUZ M. ROSARIO BERRIOS Y
LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS CONSTITUIDA
Demandantes-Apelantes

v.

DR. JOSE L. GERENA Y LA SOCIEDAD LEGAL DE GANANCIALES CONSTITUIDA POR SU ESPOSA FULANA DE TAL; THE NEW SAN JUAN HEALTH CENTRE INC.; SEGUROS TRIPLE S, INC. Y DEMANDADOS DESCONOCIDOS
Demandados-Recurridos

Núm. KLAN-2002-00995

San Juan, Puerto Rico, a 12 de septiembre de 2003

Panel compuesto por su Presidenta, la Juez Rodríguez de Oronoz, y las Juezas Peñagarícano Soler y Bajandas Vélez

Peñagarícano Soler, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece el apelante, Richard Ortiz Rivera, mediante escrito de apelación. Solicita revisemos la Sentencia Sumaria Parcial que emitiera el T.P.I. (en adelante: T.P.I.), el 16 de agosto de 2002 y notificada el 28 de agosto de 2002, enmendada el 25 de marzo de 2003 y notificada el 28 de marzo de 2003, en el caso civil núm. KDP 00-1889 de la sala 806.

Mediante la referida Sentencia Parcial, el Tribunal determinó Ha Lugar la Moción de Sentencia Sumaria que presentara la parte apelada, The New San Juan Health Centre, Inc., (en adelante, Hospital).

Examinados en su totalidad los autos del caso, así como el derecho aplicable, resolvemos confirmar la Sentencia Sumaria Parcial de marras.

### I

El Sr. Richard Ortiz Rivera (en adelante, Sr. Ortiz), era paciente del Dr. José L. Gerena (en adelante, Dr. Gerena) quien es especialista en urología. Durante esa relación de paciente-doctor, éste decidió practicarse una ureteroscopía con manipulación bajo el cargo del Dr. Gerena. Así las cosas, el 19 de octubre de 1998, el Sr. Ortiz se sometió al aludido proceso electivo en el Hospital, en donde el Dr. Gerena tenía privilegios para practicar la medicina. El 13 de octubre de 2000, el Sr. Ortiz presentó Demanda en contra del Dr. Gerena, su aseguradora y el Hospital. Allí alegó, entre otras cosas, que el Dr. Gerena y el Hospital fueron negligentes al no tomar en consideración los estándares de cuidado y servicios en la medicina, lo cual resultó en que éste sufriera diversas complicaciones durante la intervención programada para el 19 de octubre de 1998, causándole así daños y perjuicios.

De forma específica, el apelante arguyó que hubo una omisión negligente por parte del Hospital al no supervisar los servicios ofrecidos por el Dr. Gerena en su instalación médica. Además, alegó que fue negligente en omisión el Hospital al no contar con la instrumentación requerida para llevar a cabo el procedimiento médico que practicara el Dr. Gerena. ■ Con fecha de 10 de enero de 2001, el Hospital presentó su contestación a la Demanda de autos. ■ En esencia, el Hospital clarificó que el apelante no contrató servicios de forma directa con la institución, sino que éste fue ingresado de acuerdo con los privilegios que le fueron conferidos al Dr. Gerena.

Con fecha de 13 de diciembre de 2001, el Hospital presentó demanda contra coparte, en cuanto al Dr. Gerena. ■ El 2 de mayo de 2002, el Dr. Gerena y su aseguradora, Seguros Triple S, Inc., contestaron la Demanda de autos. ■ En tanto, con fecha de 2 de abril de 2002, el Hospital presentó una *Moción de Sentencia Sumaria*. Mediante la misma, arguyó que el apelante no había presentado prueba alguna en torno a la alegada falta de supervisión del Hospital. Además, esgrimió que en el caso de autos no se había planteado ningún elemento de negligencia con relación al Hospital. ■ El 29 de abril de 2002, el Sr. Ortiz presentó su *Oposición a Sentencia Sumaria*.

Indicó que de varias misivas contenidas en el expediente del Dr. Gerena en el Hospital, se refleja que en varias ocasiones se le solicitó que produjera su certificado de *"good standing"*. Ante ello, adujo que la negligencia del Hospital, *"...consiste obviamente en no haberle dado seguimiento a los requisitos de sus propios reglamentos...".* ■ Asimismo, fechado el 7 de mayo de 2002, el Hospital presentó su *Réplica a Oposición a Sentencia Sumaria*. ■ Como parte de su ponencia ante el foro de instancia, el Hospital señaló que en torno a las cartas que indicara la parte apelante, éstas son acciones administrativas y en nada reflejaban algo negativo sobre el desempeño profesional del Dr. Gerena. ■

Así las cosas, el 3 de julio de 2003, el T.P.I. emitió una *Orden*, notificada el 30 de julio de 2002, denegando la moción de sentencia sumaria presentada por el Hospital. Ante ello, el 10 de agosto de 2002, el Hospital presentó una *Moción de Reconsideración*. ■ El 16 de agosto de 2002, en reconsideración, el tribunal *a quo* emitió *Sentencia Parcial* declarando con lugar la moción sumaria del Hospital y desestimó así la demanda en cuanto a esta parte. Esta *Sentencia Parcial* se notificó a las partes el 28 de agosto de 2002. No conforme con esta determinación, el 26 de septiembre de 2002, el Sr. Ortiz acude ante nos mediante escrito de apelación. En éste, indica el siguiente señalamiento de error:

*"Incurrió en error el Honorable Tribunal de Intancia (sic) cuando en reconsideración de un previo dictamen, declaró con lugar una moción de Sentencia Sumaria bajo la modalidad de que alegadamente la parte demandante carecía, en ese momento, de prueba para demostrar jurídicamente el elemento de la acción u omisión culposa o negligente de la codemandada The New San Juan Health Center (sic) Inc. procediendo a dictar una sentencia parcial escueta y descarnada, sin los fundamentos básicos sobre los cuales tomó su decisión y aparentemente cumpliendo con una representación a todas luces equivocada que formuló a la antedicha codemandada."*

El 26 de septiembre de 2002, la parte apelante presentó a su vez una *Moción de Auxilio de Jurisdicción*. El 27 de septiembre de 2002, emitimos *Resolución* por la cual paralizamos los procedimientos en el T.P.I. Además, y en vista de que en efecto la Sentencia Parcial apelada estaba desprovista de determinaciones de hechos y conclusiones de derecho, ordenamos al Hon. José E. Loubriel Vázquez que emitiera una sentencia fundamentada. El 12 de febrero de 2003, la parte apelante presentó una *Moción Informativa* por la cual anexó copia de una *Resolución* que emitiera el foro *a quo* el 31 de enero de 2003. Esta resolución, no fue notificada a este Tribunal, así como tampoco cumplía con nuestra Orden del 27 de septiembre de 2002.

Así las cosas, el 19 de febrero de 2003, emitimos *Resolución* instruyendo al Hon. José E. Loubriel Vázquez a que dentro del término perentorio de veinte (20) días diese cumplimiento a la Resolución de este Tribunal,

emitiendo determinaciones de hechos y de derecho que nos permitieran ejercer nuestra función revisora. El 20 de mayo de 2003, la parte apelante presentó moción informativa anejando la *Sentencia Parcial Enmendada* que emitiera el foro de instancia el 25 de marzo de 2003. En la misma y entre otras cosas, el foro apelado expresó que la única imputación de negligencia por parte del perito de la parte apelante en contra del Hospital, lo es que el Hospital alegadamente sería responsable de forma vicaria.

El 30 de mayo del año en curso, concedimos el término de veinte (20) días a la parte apelante para emitir su posición en torno a la Sentencia Parcial Enmendada. En tanto, el 3 de junio de 2003, la parte apelada presentó *Moción Sometiendo Apéndice y en Solicitud de Término para Presentar Alegato*. Así pues, incluyó copia de parte de la deposición que fuera tomada al perito de la parte apelante. El 25 de junio de 2003, el Sr. Ortiz presentó su *Escrito Fijando Posición*. El 17 de julio de 2003, la parte apelada presentó su alegato. Estamos en posición de resolver. Así lo hacemos.

## II

Conforme se desprende de la demanda incoada por el apelante, su causa de acción está predicada en el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, el cual dispone:

*"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."*

Acorde al mismo, se impone responsabilidad a aquella persona que cause daño a otra, ya sea mediante acción u omisión en la que intervenga culpa o negligencia. *Valle Izquierdo v. E.L.A.,* **2002 J.T.S. 70**; *Laureano Pérez v. Soto,* 141 D.P.R. 77 (1996). Para imponer responsabilidad civil bajo el aludido Artículo, es necesario que concurran tres elementos: (1) que se establezca la realidad del daño sufrido; (2) que exista la correspondiente relación causal entre el daño y la acción u omisión de otra persona; y (3) que dicho acto u omisión sea culposo o negligente. *Valle Izquierdo v. E.L.A., supra; Colón González v. K-Mart,* **2001 J.T.S. 98**; *Tormos Arroyo v. D.I.P.,* 140 D.P.R. 265 (1996); *Monllor Arzola v. Sociedad,* 138 D.P.R. 600 (1995); *Santini Rivera v. Serv. Air Inc.,* 137 D.P.R. 1 (1994); *Elba A.B. v. Universidad de Puerto Rico,* 125 D.P.R. 294 (1990).

El concepto de culpa que contiene el Art. 1802, *supra*, es sumamente abarcador y por ello se ha reconocido que incluye cualquier falta de una persona a otra y que pudiera causar un daño. *Santini Rivera v. Serv. Air, Inc., supra; Leyva v. Aristud,* 132 D.P.R. 489 (1993); *Rivera Pérez v. Cruz Corchado,* 119 D.P.R. 8 (1987). Además, el Tribunal Supremo de Puerto Rico recientemente ha subrayado: *"...no hemos tenido reparo en advertir reiteradamente que la culpa o negligencia es la falta del debido cuidado que, a la vez, consiste en no anticipar y prever las consecuencias racionales de un acto, que una persona prudente habría de prever en las mismas circunstancias...". Valle Izquierdo v. E.L.A., supra,* a la pág. 359; *Toro Aponte v. E.L.A.,* 142 D.P.R. 464 (1997).

Se ha establecido, jurisprudencialmente, que los hospitales deben ejercer el cuidado y las medidas previsoras que un hombre prudente y razonable entendería ante determinadas circunstancias y que han de ofrecer a sus pacientes la atención médica requerida. *Hernández Rivera v. Mun. de Bayamón,* 135 D.P.R. 901 (1994). Así, en casos en que se alegue impericia médica, la parte demandante tiene la obligación de demostrar por preponderancia de la prueba, *"...que el tratamiento médico ofrecido por el demandado, o la ausencia de proveer el tratamiento indicado y correcto, fue el factor que con mayor probabilidad ocasionó el daño sufrido por el paciente. Rodríguez Crespo v. Hernández,* 121 D.P.R. 639,650 (1988); *Ríos Ruiz v. Mark, ante; Cruz v. Centro Médico de P.R.,* 113 D.P.R. 719,744 (1983); *Zambrana v. Hospital Santo Asilo de Damas,* 109 D.P.R. 517,521 (1980)....". *Hernández Rivera v. Mun. de Bayamón, supra,* a la pág. 909.

No obstante ello, en la alternativa de que el paciente sea ingresado a la institución médica, no por volición

propia, sino por particular recomendación de su médico privado, la responsabilidad del Hospital se ve notablemente reducida. *Márquez Vega v. Martínez Rosado*, 116 D.P.R. 397 (1985). El Tribunal Supremo de Puerto Rico ha expresado, que en vista de este particular cuadro fáctico, *"...la relación principal que se establece es entre el "paciente" y el médico, siendo de carácter suplementaria e incidental aquélla que se crea entre el paciente y el hospital. En esta situación, el hospital, como regla general, no debe responder por el acto negligente exclusivo del médico no empleado, a quien en primera instancia y de manera principalísima el paciente confió el cuido de su salud."* ■

Conforme la norma establecida en el presente caso, un hospital no responde por un acto de negligencia de un médico no empleado cometido en la persona de su paciente privado a menos que la institución hospitalaria hubiera sido *"negligente"* al concederle y mantenerle al doctor el privilegio de utilizar sus facilidades para atender pacientes privados, o cuando no hubiera intervenido para evitar, de ello ser posible, el mencionado acto de impericia médica, o cuando las facilidades y equipo del hospital hubieran tenido relación con el acto de impericia alegadamente cometido.

Por su parte, la Regla 36.3 de las de Procedimiento Civil permite a un tribunal dictar sentencia sumaria en aquellos casos en que *"las alegaciones, [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente".* 32 L.P.R.A. Ap. III, R. 36.3.

Este mecanismo procesal es un remedio discrecional extraordinario que se concederá solamente en casos claros en los cuales no exista una controversia real sustancial sobre hechos materiales. *García Díaz v. Darex P. R. Inc.,* **99 J.T.S. 84**; *Piñero González v. A.A.A.,* 146 D.P.R. 890 (1998); *PFZ Properties, Inc. v. General Accident Insurance Co.,* 136 D.P.R. 881 (1994). Su propósito consiste en agilizar los procedimientos judiciales mediante la resolución justa y rápida de un pleito, el cual se limita a la aplicación del derecho a unos hechos no controvertidos. *Pardo Santos v. Sucn. de Jorge Stella,* 145 D.P.R. 816 (1998); *PFZ Properties, Inc. v. General Accident Insurance Co., supra.*

La parte promovente tendrá que demostrar la *"inexistencia de una controversia real sobre todo hecho material pertinente que a la luz del derecho sustantivo aplicable determinaría una sentencia a su favor como cuestión de ley".* *Tello, Rivera v. Eastern Airlines,* 119 D.P.R. 83, 86 (1987). Además, el Tribunal debe quedar convencido de la inexistencia de controversia sobre hechos materiales y que lo que resta es aplicar el derecho. *Roig Commercial Bank v. Rosario Cirino,* 126 D.P.R. 613 (1990).

Asimismo, el Tribunal podrá dictar sentencia en contra de la parte promovente si como cuestión de derecho procede que la misma se dicte a favor del promovido. *Piñero González v. A.A.A., supra; PFZ Properties, Inc. v. General Accident Insurance Co., supra.*

Es preciso destacar, que para derrotar una moción de sentencia sumaria no basta con la presentación de meras alegaciones, la parte promovida deberá presentar documentación que sitúe en controversia los hechos aludidos por el promovente de la acción. *Audiovisual Language v. Sistema de Estacionamiento,* 144 D.P.R. 563 (1997). ■ Véase además, *Mercado Vega v. U.P.R.,* 128 D.P.R. 273 (1991); *Tello, Rivera v. Eastern Airlines, supra.*

Por otra parte, el Tribunal Supremo ha manifestado que no propicia la resolución de casos cuando hay elementos subjetivos envueltos, tales como la intención, negligencia, o cuestiones esenciales que incidan en credibilidad, *Elías y otros v. Chenet y otros* 147, D.P.R. 507 (1999); *Soto v. Hotel Caribe Hilton,* 137 D.P.R. 294 (1994).

Así también, nuestro Tribunal Supremo ha reconocido que el propósito esencial de la Moción de Sentencia Sumaria *"...es propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales, y por lo tanto, no ameritan la celebración de un juicio en su fondo...".* Hurtado v. Osuna, 138 D.P.R. 801, 809 (1995). *"...En otras palabras, se dicta sentencia sumaria cuando ha quedado claramente establecido que para resolver la controversia no hace falta una vista evidenciaria. Bajo estas circunstancias, la norma de economía procesal (Regla 1 de Procedimiento Civil, supra) aconseja que se solucione el pleito de esta forma expédita. Regla 1, 36, 43.6 de Procedimiento Civil, supra; Corp. Presiding Bishop CJC of CLDS v. Purcell, 117 D.P.R. 714 (1986)".* Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716, 726, 727 (1994).

En el antes mencionado caso, el Tribunal Supremo tuvo la ocasión de interpretar en nuestra jurisdicción, la doctrina jurisprudencial configurada en *Celotex Corp. v. Catrett*, 477 US 317 (1986), relativa a la modalidad de sentencia sumaria por insuficiencia de prueba. *"...Esta consiste en la utilización de dicha moción cuando la parte promovida tiene el peso de la prueba y la parte promovente puede demostrar que aquélla carece de evidencia para probar algún elemento material esencial de su reclamación. En Celotex Corp. v. Catrett, supra, el Tribunal Supremo de Estados Unidos señaló que bajo esta modalidad, no es necesario que la parte promovente acompañe su moción con documentos. Si la parte promovente, luego de haber transcurrido un tiempo adecuado y razonable para el descubrimiento de prueba, puede demostrar que del récord del tribunal surge que la parte promovida no cuenta con evidencia suficiente para probar un elemento esencial de su caso sobre el cual tiene el peso de la prueba, procede que se dicte sentencia sumaria para desestimar la demanda. Véanse Regla 5 (d) de Procedimiento Civil federal, 28 USC; 4A Wright and Miller, Federal Practice and Procedure; Civil 2d Sec. 1152, págs. 438-443 (1990). Bajo estas circunstancias, el Tribunal razonó: no puede decirse que hay genuinas controversias sobre hechos materiales, pues la ausencia de prueba sobre un hecho esencial indispensable para el caso de la parte promovida convierte en totalmente innecesarios todos los demás hechos. Celotex Corp. v. Catrett, supra, págs. 322-323".* Medina v. M.S.& D. Química P.R. Inc., supra, págs. 727 y 728.

*"...Bajo cualesquiera circunstancias, al presentarse una moción de sentencia sumaria por insuficiencia de la prueba, la parte promovente tiene el peso afirmativo de demostrar que se ha llevado a cabo un descubrimiento de prueba completo, adecuado y apropiado, o sea, que ha explorado concienzudamente la posibilidad de la existencia de una evidencia admisible. Esto significa que tiene que poner al tribunal en posición de evaluar la adecuacidad del descubrimiento de prueba que realizó. Una simple alegación en la cual se concluya que no existe una evidencia suficiente para probar el caso no basta para apoyar una moción de sentencia sumaria de esta naturaleza. Tampoco se considerará adecuado el descubrimiento de prueba cuando un análisis de los documentos sometidos con la moción, con la oposición y aquéllos que constan en el récord, refleje que la parte promovente ha dejado de auscultar alguna información que le pudiera haber conducido a obtener una prueba admisible. Por ejemplo, ha dejado de deponer o de someter un interrogatorio con relación a un testigo que puede proveer un testimonio relevante. Bajo estas circunstancias, hay que concluir que no ha realizado un descubrimiento completo y adecuado, ya que el tribunal no puede determinar, con certeza, que la parte promovida no cuenta con evidencia suficiente para probar su caso. Para que se pueda dictar una sentencia sumaria por insuficiencia de la prueba, el promovente tiene que persuadir al tribunal de que no es necesario celebrar una vista evidenciara; que el promovido no cuenta con prueba suficiente para probar un hecho esencial, y que, como cuestión de derecho, procede que se desestime la reclamación".* ▉ Medina v. M. S.& D. Química P.R. Inc., supra, págs. 733-734.

### III

Del análisis del caso de autos, surge de forma palmaria, que las partes culminaron el descubrimiento de prueba, incluyendo el haber sido depuesto el perito del apelante, Dr. Arturo Silvagnoli, sin éste haber imputado acto negligente alguno atribuible a la parte apelada, The New San Juan Health Centre Inc. Ello surge, tanto de su informe pericial ▉ como de la deposición que le fuere tomada. La parte apelante, de forma vaga y general,

sólo atribuye la alegada negligencia de la parte apelada, ya bien por ser responsable de que en su institución se practique la medicina acorde los estándares de la buena práctica establecida, o porque de forma vicaria responde civilmente por una alegada mala práctica de una médico a quien se le extendió privilegios para utilizar sus facilidades y el cual llevó a cabo un procedimiento en dicha institución presumiblemente de forma negligente. Resulta insuficiente en derecho imponer responsabilidad a un hospital por meramente constituir uno de los lugares de salud, donde un médico ha sido permitido ejercer su profesión y en la cual realiza un proceso médico en su paciente privado.

A pesar de que los hospitales y demás facilidades hospitalarias tienen un deber ineludible de velar por la calidad de los servicios de salud que se le ofrecen a sus pacientes, sólo podrán ser sujetos a responder solidariamente con el médico que alegadamente realizó un acto de impericia médica en un paciente privado, en ciertas y determinadas circunstancias. Las mismas no se encuentran presentes en el caso que nos ocupa. En el descubrimiento de prueba realizado y concluido, se encuentra ausente factor alguno que intime la existencia de prueba de algún acto u omisión negligente del Hospital, el cual pueda ser objeto de responsabilidad civil hacia el apelante. ▮

Tampoco existe evidencia alguna, luego de concluido el descubrimiento de prueba correspondiente, de que la parte apelada omitió ejercer el debido cuidado requerido al extender privilegios al Dr. Gerena para utilizar sus facilidades médicas; de que no exigió que los médicos a los cuales se le extienden privilegios, cursaran estudios de mejoramiento profesional; de que el Dr. Gerena había cometido previamente un acto ostensible de impericia profesional.

En consiguiente, el T.P.I. correctamente determinó que en el caso que nos ocupa, luego de concluido el descubrimiento de prueba llevado a cabo por las partes, la parte apelada no contaba con la prueba mínima que le permitiera sustentar en una vista evidenciaria plenaria, la alegada responsabilidad del hospital.

Resumiendo. Aun examinando los documentos anejados, de la forma más favorable al aquí apelado, dictaminamos que luego de finalizado el descubrimiento de prueba no existe controversia sobre algún hecho esencial que pudiera demostrar en su día, en un juicio, que la parte apelante cuenta con alguna prueba que pudiera hacer sujeto a la parte apelada de responsabilidad civil médico hospitalaria hacia éste. El T.P.I. aplicó conforme a derecho la modalidad de Sentencia Sumaria por insuficiencia de prueba. No se cometió el error señalado.

## IV

Por los fundamentos anteriormente expuestos, se confirma la Sentencia Parcial Enmendada en el caso de autos.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 2003 DTA 146**

**1.** Véase, folio núm. 3 en Apéndice de autos.

**2.** Véase, folio núm. 6 en Apéndice de autos.

**3.** Véase, folio núm. 9 en Apéndice de autos.

**4.** Véase, folio núm. 14 en Apéndice de autos.

**5.** Véase, folio núm. 17 en Apéndice de autos.

**6.** Véase, folio núm. 24 en Apéndice de autos.

**7.** Véase, folio núm. 37 en Apéndice de autos.

**8.** El 25 de mayo de 2002, la parte apelante presentó una *Oposición a Réplica.*

**9.** Véase, folio núm. 68 en Apéndice de autos.

**10.** El fundamento utilizado por el tribunal de instancia en la resolución objeto de este recurso -la aplicación, por analogía, a los hechos del presente caso de nuestra decisión en *Martínez v. Chase Manhattan Bank,* 108 D.P.R. 515 (1979), a los efectos del *"beneficio económico"* recibido por el hospital- no pude sostenerse por, entre otras, dos razones. En primer lugar, el hacerlo significaría imponerle responsabilidad en todo caso a los hospitales por cuanto dichas instituciones usualmente reciben beneficios económicos en relación con todos sus pacientes. En segundo término, como sabemos, el caso citado trata sobre el beneficio que recibe el principal en relación con el trabajo realizado por el contratista independiente. Bajo la alternativa ahora en discusión, -donde el paciente acude en primera instancia al médico y luego acude al hospital por recomendación del médico-, el principal sería precisamente el médico y el hospital vendría siendo el *"contratista independiente".*

**11.** No obstante, el hecho de no presentar los referidos documentos no implica que de forma automática proceda la sentencia sumaria, pues ésta sólo deberá dictarse en casos claros. Además, cualquier duda sobre si un hecho ha sido o no contradicho, deberá resolverse en contra del promovente.

**12.** Destacamos que el Tribunal Supremo expresó que a la aludida modalidad de Sentencia Sumaria le son de aplicación todas aquellos principios contenidos en las normas y la jurisprudencia que rigen al considerar la procedencia de dicho mecanismo procesal. *Medina v. M.S.& D. Química P.R. Inc., supra,* págs. 734-735.

**13.** Véase apéndice III y apéndice IV del alegato de la parte demandada-apelada de 17 de julio de 2003.

**14.** Resulta inocuo, para fines de analizar los criterios que deben considerarse en la procedencia de la modalidad de sentencia sumaria por insuficiencia de prueba, lo relativo a la relación administrativa del hospital con la entrega de documentos por el Dr. Genera. Ello en nada incide con el proceso quirúrgico privado llevado a cabo por éste al apelante y su alegada impericia médica durante la realización del mismo.