TEXTO COMPLETO DE LA SENTENCIA
Ante nos H.C. General Construction, Inc., y Héctor Cosme Rodríguez, su presidente y accionista mayoritario, en el interés de obtener la revocación de una sentencia parcial con carácter final emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante la misma, se desestimó la demanda por ellos incoada contra el co-demandado, Municipio de Caguas.
*850 Por los fundamentos que más adelante habremos de exponer, confirmamos la sentencia en controversia.
I
El Municipio de Caguas es dueño de unos terrenos en los cuales está enclavado un parque de diversión acuático conocido como Parque del Turabo. Durante varios años, dicho parque fue operado por el propio Municipio. Por diversas razones que nada abonan a la solución de la presente controversia, el Municipio arrendó el mismo a X-Plosion Entertainment Center Management & Development Corporation.
De conformidad con una de las cláusulas del contrato de arrendamiento, X-Plosion debía realizar varias obras y mejoras a las facilidades del parque, entre ellas, remodelación, reparación y mantenimiento de las piscinas, estructuras de cemento, áreas verdes, facilidades recreativas, estacionamiento, kioskos y áreas de oficinas, entre otras. Quedó estipulado en el contrato que las aludidas mejoras, antes de ser realizadas, debían estar aprobadas por el Municipio, y una vez hechas éstas, pasarían a ser propiedad del Municipio.
Así las cosas, X-Plosion contrató con la parte demandante-peticionaria, Héctor Cosme Rodríguez y M.C. General Construction, Inc., para que realizara los trabajos de remodelación y mejoras en el parque. Se garantizó el pago de los trabajos, con un pagaré a la orden de H.C. General Construction, Inc., y/o Héctor Cosme Rodríguez. El mismo fue suscrito por Pedro Pérez González, presidente de X-Plosion. Contrario a lo estipulado en el contrato entre el Municipio y X-Plosion, los trabajos de remodelación y mejoras al parque no fueron autorizados por el Municipio.
Concluidas las obras, según lo alegado en la demanda, no se pagó el importe de los trabajos realizados. Siendo ello así, los demandantes incoaron demanda en cobro de dinero contra X-Plosion, su presidente y esposa, el Municipio y varias compañías aseguradoras. Los demandados fueron emplazados, y eventualmente se le anotó rebeldía al Municipio al éste fallar en contestar a tiempo la demanda. Surge del expediente ante nuestra consideración que, posteriormente, el Municipio contestó la demanda, mostró causa para que se dejara sin efecto la anotación de rebeldía y continuaron los procedimientos judiciales que incluyeron entre otros, incidentes de descubrimiento de prueba y la aceptación de Moción en Oposición a Solicitud de Sentencia Sumaria en respuesta a Solicitud de Sentencia Sumaria presentada por la parte demandante-peticionaria. Más aún, en dicha oposición, el Municipio solicitó que se dictara sentencia sumaria a su favor. A este último petitorio, la demandante no compareció oponiéndose, ni controvirtió lo alegado por el Municipio. Oportunamente, el Tribunal recurrido dictó sentencia parcial mediante la cual desestimó la demanda contra el Municipio de Caguas. Es de este dictamen que se recurre ante nos. Confirmamos la sentencia en controversia.
II
Un contrato existe en el momento en que una o varias personas consienten en obligarse respecto de otra u otras, a dar alguna cosa, o prestar algún servicio. 31 L.P.R.A., sec.3371. Salvo contadas excepciones, los contratos sólo producen efecto entre las partes que los otorgan y sus herederos. 31 L.P.R.A., see. 3374. Estos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley. 31 L.P.R.A. 3375. Nadie puede contratar a nombre de otro sin estar por éste autorizado o sin que tenga por ley su representación legal. El contrato celebrado a nombre de otro por quien no tenga su autorización o representación legal, será nulo, a no ser que lo ratifique la persona cuyo nombre se otorgue antes de ser revocado por la otra parte contratante. 31 L.P.R.A., see. 3376.
Además, de los preceptos legales contractuales de aplicación general, en los contratos, cuando una de las partes es el gobierno estatal o municipal, se han de observar unas formalidades adicionales. Lo anterior, por razón de estar revestidos del más alto interés público.
El Tribunal Supremo de Puerto Rico ha resaltado, en varias ocasiones, la rigurosidad de los preceptos legales que rigen las relaciones comerciales entre entes privados y los municipios. Dichos principios aspiran a promover *851 una recta y sana administración pública. De igual forma, nuestro ordenamiento jurídico persigue la protección de los intereses y dinero del público contra el dispendio, la prevaricación, la extravagancia, el descuido, el favoritismo y los riesgos del incumplimiento. Fernández & Gutiérrez, Inc. v. Municipio de San Juan, _ D.P.R. _ (1999), 99 J.T.S. 31, opinión de 9 de marzo de 1999; Hatton v. Municipio de Ponce, 134 D.P.R. 1001 (1994).
Cónsono con lo anterior, para la validez de un contrato con el Municipio, deben observarse los siguientes requisitos formales: (1) que se reduzca a contrato escrito; (2) se mantenga un registro fiel con miras a establecer prima facie su existencia; (3) se remita copia a la Oficina del Contralor como medio de una doble constancia de su otorgamiento, término y existencia; y (4) se acredite la certeza de tiempo; esto es, haber sido realizado y otorgado quince (15) días antes. Fernández & Gutiérrez, Inc. v. Municipio de San Juan, supra. A tales efectos, el Artículo 8.004 de la Ley de Municipios Autónomos, 21 L.P.R.A. 4354, dispone en lo pertinente que: "[n]o se autorizará desembolso alguno relacionado con contratos sin la constancia de haberse enviado el contrato a la Oficina del Contralor de Puerto Rico, conforme a lo dispuesto en las sees. 97 y siguientes del Título 2 y su Reglamento".
Al mismo tiempo, la Ley Núm. 18 de 30 de octubre de 1975, 2 L.P.R.A. 97, que enmendó la Ley de la Oficina del Contralor, dispone en cuanto a los contratos otorgados por los municipios:

“Los departamentos, agencias, instrumentalidades, oficinas y todo otro organismo y los municipios del Estado Libre Asociado de Puerto Rico, sin excepción alguna, mantendrán un registro de todos los contratos que otorguen, incluyendo enmiendas a los mismos, y deberán remitir copia de éstos a la Oficina del Contralor dentro de los quince (15) días siguientes a la fecha del otorgamiento del contrato. ”

Por consiguiente, los contratos entre entidades privadas y los municipios, ejecutados en contravención con las leyes aplicables, son nulos; es decir sin efecto alguno. Véase Artículo 8.016 de la Ley de Municipios Autónomos, 21 L.P.R.A. 4366; Hatton v. Municipio de Ponce, supra.
A la luz de los preceptos que anteceden, es de rigopdeterminar si el Municipio es responsable del pago de lo adeudado a H.C. General Construction, Inc. La contestación es en la negativa. El Municipio nada contrató con éstos. El contrato del Municipio, al momento de surgir la controversia, es con X-Plosion Entertainment. En éste, X-Plosion se comprometía a realizar unas mejoras permanentes al Parque Acuático del Turabo. Estas se sufragarían con fondos de X-Plosion. Las aludidas mejoras tenían que contar con el visto bueno del Municipio y dicho consentimiento debía estar plasmado por escrito. Nada de lo anterior se hizo; es decir, el Municipio no dio su autorización, ni consentimiento, para que se efectuaran las mejoras, así tampoco invirtió dinero en ellas, ni garantizó en modo alguno el pago de las mismas. Nada hay en el expediente ante nuestra consideración que apunte a que el Municipio en forma alguna se obligó o ratificó la obligación contraída por X-Plosion con la parte demandante. No habiendo controversia sobre estos asuntos, consideramos que el Tribunal de Primera Instancia actuó acertadamente al disponer de la reclamación contra el Municipio, haciendo acopio del mecanismo procesal de la sentencia sumaria.
La Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. HI, R. 36.2, faculta a una parte a presentar una moción con el fin de que se dicte sentencia sumaria a su favor sobre la totalidad o cualquier parte de una reclamación. Soto v. Caribe Hilton, Vil D.P.R. 294 (1994).
De otra parte, la Regla 36.3 del mismo cuerpo legal, autoriza al tribunal dictar sentencia sumaria cuando no existe "controversia real sustancial en cuanto a ningún hecho material, y ... como cuestión de derecho debe dictarse sentencia a favor de la parte promovente". Véanse, Rodríguez v. Secretario de Hacienda, 135 D.P.R 219 (1994); Tello v. Eastern Air Lines, 119 D.P.R. 83, 86 (1987); Corp. of the Presiding Bishop C.J.C. of LDS v Purcell, 117 D.P.R. 714, 720-721 (1986).
El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de los pleitos que no presentan controversias genuinas y sustanciales de hechos materiales, por lo que resulta *852 innecesaria la celebración del juicio plenario. Hurtado Latre v. Osuna y Frese, 138 D.P.R. 801 (1995). Utilizado correctamente, es un vehículo procesal adecuado que contribuye a descongestionar los calendarios judiciales. Pilot Insurance Company v. Crespo Martínez, 136 D.P.R. 624 (1994).
La sentencia sumaria procede únicamente en casos claros en ocasión del tribunal tener ante sí la verdad sobre todos los hechos pertinentes y no hace falta el juicio en su fondo. J.A.D.M. v. Centro Comercial Plaza Carolina, 132 D.P.R. 785 (1993). La determinación de disponer de un litigio mediante este mecanismo, es un asunto inminentemente discrecional del Tribunal de Primera Instancia. Sólo en casos de abuso de la discreción conferida, es que habremos de intervenir. PFZ Properties v. General Accident Insurance Corp., 136 D.P.R. 881 (1994).
Al dictar sentencia sumaria, el tribunal deberá: (1) analizar los documentos que acompañan la moción solicitando sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente del tribunal; (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido controvertidos o refutados en forma alguna por los documentos. Corp. of the Presiding Bishop C.J.C ofLDS v. Purcell, supra.
El tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho, no procede. PFZ Properties v. General Accidente Insurance Corp., supra.
Al analizar los hechos ante nos, no podemos sino concluir que el foro de instancia actuó correctamente al desestimar la demanda contra el Municipio de Caguas.
Por los fundamentos que anteceden, confirmamos la sentencia parcial.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General