# 2004 DTA 84

**TRIBUNAL DE CIRCUITO DE APELACIONES
REGION JUDICIAL DE FAJARDO
PANEL IX**

MIGUEL A. RIVERA PEREZ Y OTROS
Apelantes

v.

SIECOR DE PUERTO RICO, INC.; CORNING CABLE SYSTEMS PR LIMITED
Apelados

Núm. KLAN-04-00019

San Juan, Puerto Rico, a 29 de marzo de 2004

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Aponte Jiménez y Salas Soler

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el recurso de título comparecen ante nos los apelantes Julio E. López Rosario y Aileen Velázquez Agosto, y los interventores co-apelantes José N. Beltrán López, Miguel A. Fuentes y Moisés Quiñones Marrero en el interés de obtener la revocación de una sentencia sumaria parcial en virtud de la cual se denegó la presentación de una demandada enmendada, se desestimaron las reclamaciones presentadas por los interventores, así como todas las reclamaciones presentadas en contra de Siecor.

Por los fundamentos que habremos de exponer, se revoca la sentencia apelada y se devuelve el caso al foro de instancia para que proceda de conformidad con lo expuesto en esta sentencia.

**I**

El 31 de agosto de 1998, Miguel A. Rivera, Julio E. López y Aileen Velázquez Agosto, presentaron una reclamación en contra de Siecor de Puerto Rico, Inc. (en adelante "*Siecor*"), quien mediante cambio de nombre es hoy Corning Cable Systems PR Limited, ██ a raíz de unas discrepancias en la relación obrero-patronal entre las partes. Al momento de la radicación de la demanda, los apelantes se desempeñaban como operadores de máquinas de producción en las instalaciones de Siecor.

En la demanda se solicitaba el pago de varias partidas alegadamente adeudadas, las cuales incluian el pago por la reducción del período de tomar alimentos, horas extras, séptimo día de trabajo, y el pago por vacaciones, algunas fraccionadas al momento de su disfrute.

Alegadamente, Siecor sometía a los obreros a una serie de prácticas contrarias a las leyes laborales del país, tales como que se les negaba tomar el período de alimentos según consagrado en el Artículo 14 de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, en adelante la Ley de Horas y Días de Trabajo, 29 L.P.R.A. sec. 283, y que además tenían que trabajar el séptimo día de descanso sin que se les compensara a tiempo extra según dispuesto por la Sección 1 de la Ley Núm. 289 de 9 de abril de 1946, 29 L.P.R.A. sec. 295.

Transcurridos varios eventos procesales, el 25 de octubre de 2001, Siecor presentó una moción solicitando que se dictara sentencia sumariamente. Por su parte, y luego de varios requerimientos del tribunal apelado, la parte demandante-apelante presentó una moción en la que solicitó se adjudicara el derecho aplicable en torno a reclamaciones y defensas por la vía sumaria.

El 8 de noviembre de 2002, pendientes aún de ser consideradas por el Tribunal de Primera Instancia las mociones de sentencia sumaria, los apelantes solicitaron autorización judicial para exponer una nueva teoría en cuanto a las solicitudes de reducción del período de tomar alimentos y para acumular al pleito a los tres interventores. Siecor se opuso a la solicitud de enmienda por considerar que la misma era tardía, y en cuanto a los interventores sostuvo que sus reclamaciones estaban prescritas.

El 18 de noviembre de 2003, el Tribunal de Primera Instancia dictó sentencia sumaria parcial a favor de la apelada, Siecor de Puerto Rico, Inc., en la que sostuvo que, con excepción de la reclamación de diferencial de turno correspondiente a las horas trabajadas durante horas extras, las reclamaciones presentadas por la parte demandante no ameritaban el pago de cantidad alguna más allá de la compensada.

En la misma sentencia, Instancia determinó que la nueva teoría de derecho propuesta por los demandantes apelantes en cuanto a las solicitudes de reducción del período de tomar alimentos no requería ni ameritaba una enmienda a la demanda; y, en cuanto a la inclusión de los interventores, determinó que sus reclamaciones eran tardías, ya que la demanda en este caso se había presentado el 31 de agosto de 1998, y que además estaban prescritas.

Inconforme con la decisión del tribunal de instancia, los apelantes presentaron el recurso de epígrafe en el que señalan la comisión de cuatro errores que giran en torno a la determinación de validez de los permisos de reducción del período de toma de alimentos y del pago de las horas trabajadas durante el séptimo día.

Evaluado el expediente en su totalidad, revocamos la sentencia en controversia. ██

## II

La Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, autoriza a un tribunal a dictar sentencia sumaria en un caso, cuando de los documentos y declaraciones sometidas en apoyo de la moción quedare demostrado que no existe controversia real sustancial en cuanto a ningún hecho material y que sólo resta aplicar el derecho. La sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito. *Guerrido García v. Universidad Central de Bayamón*, 143 D.P.R. 337 (1997); *P.F.Z. Properties Inc. v. General Accident Insurance Co.* 136 D.P.R. 881 (1994); *Consejo de Titulares C. Parkside v. MGIC Fin. Corp.*, 128 D.P.R. 538 (1991).

El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de litigios en que no se presentan controversias genuinas de hechos materiales, por lo que no se justifica la celebración de un juicio en su fondo. Utilizado correctamente, este vehículo procesal contribuye a descongestionar los calendarios judiciales. *Hurtado Latre v. Osuna y Freese*, 138 D.P.R. 801 (1995); *Pilot Life Insurance Company v. Crespo Martínez*, 136 D.P.R. 624 (1994).

No obstante, el objetivo de aligerar la tramitación de un caso no puede derrotar el principio fundamental de todo proceso ante un tribunal; alcanzar una solución justa. Por tanto, si existen dudas sobre la existencia de una controversia de hechos, éstas debe resolverse en contra de la parte que solicita la sentencia sumaria. *Bonilla Medina v. P.N.P.*, 140 D.P.R. 294 (1996); *P.F.Z Properties, Inc. v. General Accident Insurance Company, P.R. Ltd.*, supra.

La sentencia sumaria procede en casos claros cuando el Tribunal tiene ante sí la verdad sobre todos los hechos pertinentes y no hace falta una vista evidenciaria. *Guerrido García v. Universidad Central de Bayamón*,

*supra*; *J.A.D.M. v. Centro Com. Plaza Carolina*, 112 D.P.R. 785 (1993). De ordinario, si existen dudas sobre la procedencia de la moción, éstas deben ser resueltas en contra de la misma. *Audiovisual Language v. Sistema de Estacionamiento Natal Hermanos*, D.P.R. (1997); *Bonilla Medina v. P.N.P.*, *supra*; *Rivera et.al. v. Superior Packing, Inc.*, 132 D.P.R. 115 (1992).

Por otro lado, al dictar sentencia sumaria, el tribunal deberá: (1) analizar los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquéllos que obren en el expediente del tribunal, *Medina v. Merck Sharp & Dhome*, 135 D.P.R. 716 (1994); (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones en la demanda que no han sido refutadas en forma alguna por los documentos. Sin embargo, el tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales no controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutados; (3) surge en los propios documentos que se acompañan con la moción, una controversia real sobre algún hecho material; o (4) como cuestión de derecho, no procede. *Corp. Presiding Bishop, CJC of LDS v. Purcell*, *supra*.

El sabio discernimiento es el principio rector para el uso de la sentencia sumaria, pues mal utilizada puede prestarse para despojar a un litigante de su "*día en corte*", principio elemental del debido procedimiento de ley. *García Rivera v. Enríquez Marín*, __ D.P.R. __ (2001), **2001 J.T.S. 15**, opinión de febrero de 2001; *Management Administration Services v. E.L.A.*, __ D.P.R. __ (2000), **2000 J.T.S. 189**, opinión de 29 de noviembre de 2000; *Roig Com. Bank v. Rosario Cirino*, 126 D.P.R. 613 (1990).

En el presente caso, los apelantes, entre otras cosas, alegaron que al momento de ser reclutados, Siecor les daba a firmar una forma de documentos la cual ellos sentían obligación de firmar porque se les presentaba como una condición de empleo sin concedérseles opción alguna. Por su parte, Siecor alegó que los apelantes no establecieron que faltó consentimiento válido al momento de firmarse las solicitudes que peticionaban la reducción del período de toma de alimentos.

Ante la existencia de controversia sustancial sobre este hecho material, no procedía dictar sentencia sumaria. Determinar si el consentimiento de los empleados fue libre y voluntario es una cuestión que debe ser dirimida por el foro apelado en una vista plenaria. No es aconsejable utilizar el mecanismo procesal de la sentencia sumaria cuando están presentes elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad sea esencial. *Soto v. Hotel Caribe Hilton*, 137 D.P.R. 294 (1994).

Por el fundamento antes expuesto, revocamos la decisión del Tribunal de Primera Instancia y devolvemos el caso para que se celebre una vista en los meritos de conformidad con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 2004 DTA 84

**1.** Originalmente, los apelantes pretendieron presentar el presente caso como un pleito de clase al amparo de la Regla 20 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 20, pero como resultado de la oposición presentada por los apelados-demandados, desistieron de su solicitud.

**2.** No se incluye en nuestra discusión ningún señalamiento en cuanto a las enmiendas que se pretendían realizar a la demanda, ni en cuanto a la no inclusión de los tres interventores-apelantes. Estos asuntos no fueron discutidos ni fundamentados en el Escrito de Apelación presentado, por lo que no existe motivo para revisar, modificar o de forma alguna alterar la decisión del tribunal de instancia. *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139, 165 (1996).