*827 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos, el Coro de Niños de San Juan y Evy Lucio Córdova (apelantes), y mediante apelación, solicitan que revisemos una Sentencia Sumaria Parcial de 25 de agosto de 2009, notificada el 1 de septiembre de 2009, que emitió la Hon. Katheryne D. Silvestry, Jueza del Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante el referido dictamen, el TPI atendió la moción de sentencia sumaria que presentó National Insurance Co. (National).
National es una de las compañías aseguradoras del apelante, Coro de Niños. Este último, junto con Lucio Córdova, fueron demandados por Bárbara K. Rivera Richardson. Los apelantes, Coro de Niños y Lucio Córdova, trajeron a National al pleito como tercera demandada para que le responda directamente a la demandante, en caso de que se les imponga responsabilidad civil por los hechos imputados en la demanda.
Inconformes con el resultado, los apelantes acudieron ante nos y señalaron QUE el TPI erró al haber emitido el dictamen a favor de National sin tener jurisdicción. Adujeron que los procedimientos ante dicho foro estaban paralizados en virtud de una orden que emitió un panel hermano del Tribunal de Apelaciones. También, indicaron que erró dicho foro, pues al dictar la sentencia a favor de National, su aseguradora, privaba a los apelantes de la protección y cubierta de la póliza.
*828 Luego de presentar su escrito de apelación, los apelantes presentaron una moción en auxilio de jurisdicción. Señalaron que habían presentado a la consideración de otros dos paneles del Tribunal de Apelaciones, un escrito de certiorari y otra apelación. Dentro del trámite de la otra apelación, indicaron que se había emitido una orden de paralización. Comentaron que, por tal razón, no respondieron a una segunda moción de sentencia sumaria que presentó National. Cuestionaron que el TPI emitiera el dictamen apelado, aún cuando se había emitido la referida orden de paralización. Insistieron en que dicho dictamen se emitió sin que el TPI tuviera jurisdicción para hacerlo.
Valga indicar que atendimos su reclamo mediante Resolución de 7 de octubre de 2009 y declaramos no ha lugar su moción en auxilio de jurisdicción. En el dictamen, expresamos que la orden de paralización que se había emitido estaba relacionada a las reclamaciones que los apelantes presentaron contra otra de sus compañías aseguradoras, ACE Insurance Company. Los apelantes habían traído igualmente a esta compañía como tercera demandada al pleito. Explicamos que la controversia que atañe a ese recurso, en particular, la referida orden de paralización, no alcanza las incidencias del recurso que este panel atiende.
De este modo, destacamos que con esa resolución que previamente emitimos, quedó debidamente atendido el primer señalamiento de error de la apelación ante nuestra consideración. Por otro lado, habiendo concedido oportunidad a National para que presentara su alegato, resolvemos. Adelantamos que confirmamos el dictamen apelado.
I
Esbozamos a continuación una breve relación de los hechos e incidencias procesales más relevantes para la resolución de este pleito.
Los padres de Bárbara K. Rivera Richardson, presentaron en su representación, una demanda de daños y . perjuicios contra los apelados, el Coro de Niño de San Juan y su entonces directora, Evy Lucio Córdova. Alegadamente, Bárbara fue objeto de discrimen y hostigamiento por su apariencia física y peso. Según se alegó, Bárbara experimentó humillaciones, sufrió daños emocionales, requirió tratamiento siquiátrico, y finalmente tuvo que renunciar a participar del coro. Las reclamaciones se ampararon en el Americans With Disabilities Act, 42 USCA §12102 et seq.\ los artículos 1802 y 1803 del Código Civil de Puerto Rico, 31 L.P.R.A. §§ 5141 y 5142; la Ley Núm. 44 de 2 de julio de 1985, 1 L.P.R.A. §501 et seq., que prohíbe el discrimen por impedimentos en lugares de acomodo público; y las secciones 1 y 8 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico.
Como parte del trámite del caso, los apelantes trajeron como terceros demandados a dos compañías aseguradoras que expidieron pólizas a su favor, ACE Insurance Company y National Insurance Co. Entre los planteamientos que presentó National en su contestación a demanda contra tercero, incluyó el que la póliza que ofreció al Coro de Niños sólo cubre daños físicos o de propiedad por ocurrencia. Explicó que en la póliza se define “ocurrencia” como un accidente. Adujo que la póliza no cubría en este caso, pues los daños reclamados no constituían accidentes, más bien, eran actos intencionales de discrimen.
Posteriormente, National presentó una solicitud de sentencia sumaria. En su moción, reiteró y amplió la defensa que articuló en su contestación a la demanda contra tercero. Tomó cuenta de que se le reclamó la defensa y cubierta de la póliza que emitió a favor del apelante, Coro de Niños. Comentó por segunda ocasión que la póliza cubría la responsabilidad legal del asegurado por lesiones o daños a la propiedad que surgieran de una ocurrencia. Repitió que en la póliza se definió ocurrencia como un accidente.
National agregó que en vista de que la reclamación de la demandante era por discrimen, estaba fundada en actos intencionales culposos. Adujo que estos hechos no cualifican bajo el acuerdo de la cubierta. Por esa razón, se negaron a ofrecer defensa y cubierta.
*829 En su moción, National trajo a colación 3 cláusulas de la póliza en apoyo de su contención. En estas cláusulas se definen instancias de exclusion de cubierta. En la primera cláusula se indica que National, como aseguradora, “will pay those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies”. Seguido se aclara que “[h]owever, we will have no duty to defend the insured against any suit seeking damages for bodily injury or property damage to which this insurance does not apply”.
En relación a lo anterior, se indica en la póliza que “[t]his insurance applies [...] only if: 1. [t]he bodily injury or property damage is caused by an ‘occurrence’ that takes place in the covered territory, and 2. [t]he bodily injury or property damage occurs during the policy period”. En la sección de definiciones de la póliza, se establece que “ocurrence” implica “an accident, including continued or repeated exposure to substantially the general harmful conditions.”
National también comentó que de entenderse la relación de la demandante con el apelante, Coro de Niños, como una de contexto laboral, había otra cláusula de exclusión de cubierta contenida en la póliza que vendría al caso. La sección de la póliza hace referencia a “Employment Related Practices Exclusion”. Indica la cláusula que “[t]he insurance does not apply to [...] [e]mployment related practices, policies, acts, or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at that person [...]”.
Por último, National indicó que la póliza también incluía un “Abuse or Molestation Exclusion”. En virtud de la referida cláusula, se niega cubierta al asegurado si los daños surgen de “actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of the insured”. Basándose en esta cláusula, National alegó que la póliza no cubría daños por abuso u hostigamiento. También, aseguró que ninguna de las cláusulas de la póliza cubría el riesgo por daños causados por actos intencionales o negligentes que constituyeran hostigamiento o violación de derechos civiles.
Por su parte, los apelantes presentaron una primera moción en oposición a sentencia sumaria. Indicaron que los hechos señalados por National como incontrovertidos, no ameritaban ser confrontados, por constituir una descripción de elementos existentes en la póliza. Seguido, cuestionaron el que National, alegadamente, pretendiera excluirles de la cubierta, con su teoría de que se considerara la relación de la demandante con el Coro de Niños como una laboral de patrono y empleado.
Luego de examinar sus argumentos, el TPI ordenó a los apelantes a que se expresaran en cuanto a la alegada improcedencia de conceder cubierta, pero sin tomar en cuenta la comentada cláusula de “Employment Related Practices Exlusion” a la que hizo referencia National. El TPI ordenó a los apelantes a que se expresaran en tomo a las otras dos cláusulas de exclusión de cubierta mencionadas en la moción de sentencia sumaria.
Observamos del expediente que esta orden se repitió en dos ocasiones más. No obstante, los apelantes presentaron mociones en cumplimiento de orden, en las cuales, se limitaban a reiterar el planteamiento inicial. Pidieron, luego, que se les permitiera aclarar su oposición a sentencia sumaria en una vista que estaba pautada.
Más adelante en el proceso, National reaccionó a las mociones de los apelantes. Argüyó que éstos se negaron a cumplir con lo ordenado y a discutir los méritos de su reclamo en cuanto las otras dos cláusulas de exclusión de cubierta. También, presentó posteriormente una segunda solicitud de sentencia sumaria. Comentó nuevamente sobre la alegada renuencia de los apelantes a exponer su contención en cuanto a las referidas cláusulas de exclusión de cubierta.
Tomando en cuenta las mociones de las partes, y habiéndole concedido múltiples oportunidades a los apelantes para que presentaran sus argumentos en oposición, el TPI acogió la solicitud de sentencia sumaria que *830 presentó National. En su dictamen, el TPI aclaró que durante la celebración de la vista que estaba pautada, le concedió una nueva oportunidad a los apelantes para que presentaran por escrito su oposición a los argumentos de National. No obstante, según dicho foro, los apelantes optaron por ignorar tales argumentos o por dejarlos de discutir.
Indicó el TPI que coincidía con National en que la alegada controversia a la que referían los apelantes no era de hechos, sino de derecho. Lo anterior, en referencia a la controversia en cuanto al alcance de la cubierta de. la póliza. Por lo cual, esa controversia era precisamente susceptible de adjudicación mediante sentencia sumaria. El TPI se movió entonces a atender la controversia de derecho planteada, a saber, la interpretación de las cláusulas de la póliza de seguro.
En relación a lo anterior, el TPI concluyó que no aplicaba al caso la cláusula de exclusión de cubierta en el contexto de una relación laboral. Estimó que la relación de la demandante con el apelante, Coro de Niños, no era una entre patrono y empleado. Por otro lado, acogió la teoría de que la póliza no cubría reclamaciones generadas por actos intencionales o negligentes, sobre todo, no accidentales, como los constitutivos de hostigamiento y violación de derechos civiles que son los que se alegaron en este caso. Destacó que la demanda se basó en la imputación de un patrón de conducta de discriminación por la apelante, Lucio Córdova. Esto, determinó el TPI, no está cubierto por la póliza de National.
Finalmente, indicó que se podía catalogar la relación entre la demandante con el apelante, Coro de Niños, como una de control o custodia. Por lo cual, también podía aplicar la cláusula de exclusión de cubierta que se mencionó estaba relacionada con este supuesto. El TPI agregó que estos dos últimos asuntos fueron las defensas principales que esgrimió National para negar cubierta al Coro de Niños. Tales argumentos, no confrontaron oposición por parte de este último. De esta determinación, acudieron ante nosotros los apelantes.
Tomando en cuenta lo anterior, discutimos el derecho aplicable.
n
A
La Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36, rige la sentencia sumaria. Esta constituye un mecanismo extraordinario para aligerar la tramitación de los pleitos, y ello, prescindiendo de la celebración de juicio en los méritos. Utilizada correctamente contribuye a descongestionar los casos en los tribunales. Luán Investment v. Rexach Construction Co., 152 D.P.R. 652, 665 (2000); Pilot Life Insurance Corp. v. Crespo Martínez, 136 D.P.R. 624, 632 (1994). Su propósito es resolver los casos que no presentan controversias genuinas de hechos relevantes, y en los que sólo resta dirimir las controversias de derecho. Vera Morales v. Bravo Colón, 161 D.P.R. 308 (2004).
La Regla 36.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36. 2, permite a una parte presentar una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Para que proceda dictar una sentencia sumaria, la parte que la promueve tiene que establecer su derecho con claridad y tiene que demostrar que no existe controversia sustancial sobre ningún hecho material, es decir, sobre ningún componente de la causa de acción. El tribunal debe analizar además si hay alegaciones en la demanda que no han sido refutadas por la prueba que se acompaña en la moción de sentencia sumaria. Corp. Presiding Bishop v. Purcell, 117 D.P.R. 714, 720 (1986). El peso de establecer la ausencia de controversia real sobre los hechos relevantes y que el derecho le favorece recae siempre sobre la parte solicitante. Hurtado v. Osuna, 138 D.P.R. 801, 809 (1995); Tello Rivera v. Eastern Airlines, 119 D.P.R. 83, 86 (1987).
*831 Para oponerse a la solicitud de sentencia sumaria, la parte contraria deberá presentar documentos y declaraciones juradas que demuestren que hay controversia real sobre los hechos pertinentes y esenciales que el solicitante presenta como indubitados. No debe cruzarse de brazos ni meramente oponerse descansando en sus alegaciones. Luán Investment v. Rexach Construction Co., supra, pág. 665; Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 576 (1997). Cualquier duda sobre la existencia de una controversia de hechos bonafide debe ser resuelta en contra de la parte que solicita la sentencia sumaria. Maint. Service Corp. v. E.L.A., 152 D.P.R. 599, 610 (2000); Corp. Presiding Bishop v. Purcell, supra, pág. 720.
B
Se ha resuelto que un contrato de seguros es uno de adhesión. Un contrato de adhesión es aquel mediante el cual una sola de las partes dicta las condiciones del contrato, las cuales ha de aceptar la otra parte contratante. Acevedo Mangual v. SIMED, res. el 14 de julio de 2009, 2009 JTS 125. Como contrato de adhesión, el de seguros debe interpretarse liberalmente a favor del asegurado con el objetivo de sostener la cubierta por vía de una interpretación razonable. Esto obedece a que, como los términos de las pólizas de seguro no son el producto de la negociación entre las partes, sino que son prefijados por el asegurador sin que el asegurado tenga la facultad de variarlos, el asegurador tiene la obligación de hacer clara su intención; en otras palabras, viene obligado a establecer en la póliza, de manera diáfana, los riesgos por los que viene obligado a responder. Id.
No obstante, esta norma no tiene el efecto de obligar a los tribunales a interpretar a favor del asegurado una cláusula que claramente le da la razón al asegurador cuando su significado y alcance sea claro y libre de ambigüedad. En reiteradas ocasiones se ha sostenido que si los términos, las condiciones y las exclusiones de un contrato de seguro son claros, específicos y libres de ambigüedades, se hará valer la clara voluntad de los contratantes. Los términos de un contrato son claros cuando por sí mismos son bastante lúcidos para ser entendidos en un único sentido, sin dar lugar a dudas, controversias ni diversidad de interpretaciones y sin necesitar para su comprensión razonamientos o demostraciones susceptibles de impugnación. En ausencia de ambigüedad, las cláusulas del contrato son obligatorias, pues no se admitirá una interpretación que vulnere el claro propósito y voluntad de las partes. Id.
En atención a lo anterior, se ha reconocido que los términos de las pólizas de seguro deben ser generalmente atendidos en su más corriente y usual significado, sin atender demasiado al rigor gramatical, sino al uso general y popular de las voces. Así se le confiere al asegurado el derecho a confiar en la cubierta que se le ofrece tras una lectura de sus cláusulas conforme al sentido popular de sus palabras. Sin embargo, si de la póliza se desprende un significado particular para determinado término, éste se aplicará a tenor con lo convenido por las partes. Por consiguiente, la labor de los tribunales consiste en buscar el sentido y significado que a las cláusulas contenidas en la póliza le daría una persona de inteligencia promedio que se apreste a adquirirla. Id.
Por otro lado, al determinar cuáles son los riesgos cubiertos por una póliza de seguro, es necesario considerar si en el contrato figura alguna cláusula de exclusión. Debido a que estas cláusulas tienen el propósito de limitar la cubierta establecida en el acuerdo principal y disponen que el asegurador no responderá por determinados eventos, riesgos o peligros, se ha pautado que éstas han de interpretarse restrictivamente de forma tal que cualquier ambigüedad debe resolverse a favor del asegurado. De esta forma se cumple con el propósito de todo contrato de seguro, esto es, ofrecer la mayor protección a la persona asegurada. No obstante, si una cláusula de exclusión aplica claramente a determinada situación, la aseguradora no está obligada a responder por los riesgos expresamente excluidos. Id. La interpretación que de una póliza de seguro se realice tiene que ser cónsona con la norma de hermenéutica que impone el Art. 11.250 del Código de Seguros de Puerto Rico, el cual dispone lo siguiente:
“Todo contrato de seguro deberá interpretarse globalmente, a base del conjunto total de sus términos y condiciones, según se expresen en la póliza y según se hayan ampliado, extendido, o modificado por *832 aditamento, endoso o solicitud adherido a la póliza y que forme parte de ésta.”
Basándonos en estos principios de derecho, concluimos lo siguiente.
ni
Como indicamos antes, mediante nuestra Resolución de 7 de octubre de 2009, resolvimos lo concerniente al primer señalamiento de error que presentaron los apelantes. Dicho error, no se cometió. El segundo error tampoco se cometió. Valga indicar que aunque la sentencia sumaria parcial apelada tiene el efecto de avalar la negativa de National a brindar defensa y cubierta a los apelantes, como se alegó, tal dictamen se emitió correctamente.
En este caso, National presentó su moción de sentencia sumaria y aportó prueba documental para apoyar su contención, a saber, la copia de la póliza que extendió a favor del apelante Coro de Niños. Comentó que no había controversia de hechos; en síntesis, adujo que no estaba en entredicho que su falta de obligación en responder por los hechos imputados contra los apelantes en la demanda que subyace a este pleito. Destacó una serie de cláusulas de exclusión de cubierta que lo libraban de su obligación de brindarle defensa a su asegurado, el Coro de Niños, y de responder por la responsabilidad que se le impusiera a este último.
Los apelantes presentaron su oposición. Ahora bien, en términos generales, estuvieron de acuerdo en que no había controversia de hechos. De sus argumentos, junto con los de National, el TPI pudo concluir que sólo quedaba por resolver una controversia de derecho, a saber, la aplicabilidad de las referidas cláusulas de exclusión de cubierta. Conviene indicar que los apelantes se limitaron a cuestionar sólo uno de los argumentos que esgrimió National en tomo a una de las cláusulas de exclusión contenidas en la póliza. A pesar de que se le concedió múltiples oportunidades, se negaron a oponerse y refutar la alegada aplicabilidad de las restantes cláusulas de exclusión de cubierta aludidas por National. Entendemos sobre este asunto que los apelantes se cmzaron de brazos frente a la solicitud de National y obviaron presentar prueba documental, e incluso alegaciones, que rebatieran la teoría de National.
De nuestro análisis del expediente, notamos que el TPI instó a los apelantes a que lo pusieran en condiciones de determinar el alcance de los argumentos de National, ello, teniendo en cuenta que la controversia de derecho trabada requería la interpretación de las cláusulas de la póliza de seguro. Sin contar con el beneficio de la posición de los apelantes, el TPI se dio a la tarea de interpretar la póliza. Sirviéndose entonces del referido documento, no nos queda duda de que el TPI analizó globalmente el contenido de la póliza, y a base del conjunto total de sus términos y condiciones, emitió dictamen.
Coincidimos con el TPI en que las cláusulas de exclusión de cubierta en controversia, liberan a National de la obligación de defender y responder por su asegurado, el Coro de Niños de San Juan. Nos parece preciso prestar particular atención a las cláusulas que proveen para que en instancias en que los hechos reclamados no estén ligados a un evento accidental, la póliza en controversia exima a National de ofrecerle cubierta a su asegurado. En el análisis liberal de los términos y condiciones de la póliza, a favor del asegurado, lleva a una sola conclusión posible que National no está obligada a responder por riesgos como los aducidos en la demanda que subyace a este pleito, a saber, un patrón de discrimen u hostigamiento por parte de un directivo del Coro de Niños contra uno de sus integrantes.
IV
En mérito de lo anterior, y como indicamos antes, concluimos que los apelantes fallaron en poner en condiciones de decidir de otra forma tanto al TPI, como de hecho, a este Foro Apelativo. Ante la moción de sentencia sumaria presentada en su contra, no demostraron la existencia de controversia de hechos. Luego, frente a la controversia de derecho esgrimida, no aportaron argumentos y prueba que derrotara la teoría de National a pesar de habérsele concedido amplia oportunidad para así hacerlo.
*833 Por tal razón, confirmamos el dictamen apelado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones