# 2009 DTA 114

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE CAROLINA**

CONSTRUCTORA CATALANA, INC. *ET ALS*
Recurridos

v.

MANUEL RAMOS FUENTES *ET ALS*
Peticionarios

Núm. KLCE-2009-01043

San Juan, Puerto Rico, a 11 de agosto de 2009

Panel integrado por su Presidente, el Juez Miranda De Hostos,
y los Jueces Escribano Medina y Bermúdez Torres

**TEXTO COMPLETO DE LA RESOLUCIÓN**

Comparece la parte peticionaria, Manuel Ramos Fuentes, su esposa María de los A. Del Valle y la sociedad de bienes gananciales compuesta por ambos y solicitan la revocación de una orden del Tribunal de Primera Instancia, Sala Superior de Carolina en Río Grande, (Hon. Wilda Rodríguez Plaza, J.) el 8 de junio de 2009, notificada el 22 de junio de 2009. En la misma, el Tribunal declaró NO Ha Lugar la sentencia sumaria y desestimación presentada por la peticionaria y la sentencia sumaria parcial presentada por la recurrida, Constructora Catalana, Inc.

# I

El 30 de octubre de 2001, la parte peticionaria contrató a la recurrida para la construcción de una segunda planta en su residencia. El precio acordado para realizar la obra fue de $104,000.00 los cuales serían pagados por etapas de construcción.

Insatisfechos con la obra realizada por la parte recurrida, los peticionarios le reclamaron a los recurridos por las deficiencias, y el 25 de octubre de 2002 presentaron querella ante Departamento de Asuntos del Consumidor (D.A.C.O.), solicitando la devolución del dinero pagado por las etapas no realizadas. Luego de investigada la querella, el 24 de noviembre de 2004, el D.A.C.O. emitió Resolución en la que ordenó a la recurrida que dentro de 20 días a partir de la notificación, reembolsara a la parte peticionaria la suma de $6,800, más lo intereses correspondientes en caso de incumplimiento del plazo. El 4 de diciembre de 2006, el D.A.C.O. emitió una segunda resolución en la que aprobó un acuerdo de transacción que estipularon las partes y ordenó su estricto cumplimiento. En dicha transacción, las partes acordaron que la recurrida pagara $10,000 a la peticionaria para cubrir las reparaciones en la obra que realizó el recurrido. En la resolución del D.A.C.O. se expresó que el acuerdo de transacción era independiente de la acción civil que tenían pendiente las partes en el Tribunal Superior. Ello en vista de que el 1ro de febrero de 2005, la recurrida presentó demanda sobre cobro de dinero, incumplimiento de contrato y daños y perjuicios contra la peticionaria. En la misma, la recurrida alegó que el 23 de octubre de 2001 suscribió un contrato de construcción con la peticionaria y que el 29 de noviembre de 2002 entregó las obras pactadas y éstos se negaron a satisfacerle la cantidad de $33,280.00 pendiente de pago, conforme al contrato suscrito.

La recurrida también alegó en su demanda que con el objetivo de resolver extrajudicialmente la reclamación, requirió a los peticionarios que descontaran del pago adeudado cualquier suma por defectos que pudieran existir y satisficieran el balance adeudado, pero éstos hicieron caso omiso. Finalmente, la recurrida solicitó del Tribunal que ordenara el pago del balance adeudado, $25,000 por daños y perjuicios al verse afectada la capacidad de hacer negocios de la recurrida y $5,000 por costas, gastos y honorarios de abogado.

La parte peticionaria contestó la demanda negando la existencia de la deuda y presentó reconvención en la cual alegó que la recurrida no había construido la obra conforme a lo pactado, que la demandada había abandonado la obra y que la obra tenía características de obra en ruina, sujeta a una eventual implosión y/o demolición. Finalmente, solicitaron la suma de $450,000.00 en pago de los daños causados, más $25,000 para el pago de costas, gastos y honorarios de abogado.

El 20 de enero de 2009, la peticionaria presentó Moción informativa y sobre solicitud de desestimación y/o sentencia sumaria. En la misma alegó, en esencia, que bajo la doctrina de jurisdicción primaria y agotamiento de remedios, la recurrida acudió prematuramente al Tribunal de Instancia debido a que ya estaba sometida a la jurisdicción de la agencia administrativa. Arguyó, además, que la recurrida compareció al Tribunal por los mismos hechos resueltos por D.A.C.O. y estipulados por las partes, donde ofreció pagar una cantidad de dinero en aceptación del incumplimiento alegado por la peticionaria en su querella ante DACO. Por su parte, la recurrida presentó moción en oposición y a su vez solicitó se dictara sentencia sumaria parcial desestimando la reconvención.

En dicha moción, la recurrida alegó que no se trata de la misma reclamación, toda vez que la querella ante D.A.C.O. resolvió el asunto de incumplimiento de contrato y los defectos de construcción adjudicables a la parte recurrida y por otro lado, la demanda incoada versa sobre el incumplimiento de contrato de los peticionarios al no pagar el dinero pactado en el contrato por la obra realizada. Alegó, además, que no cabe hablar de jurisdicción primaria ni agotamiento de remedios en el caso, ya que el recurrido, por no ser un consumidor, le está vedado recurrir al D.A.C.O. para cobrar una deuda producto de una relación contractual, además de que el procedimiento ante DACO concluyó hace más de dos años.

- En la vista celebrada el 8 de junio de 2008, el Tribunal declaró No Ha Lugar sendas solicitudes de sentencia sumaria presentadas por las partes y señaló vista en su fondo para el 25 de agosto de 2009.

- Inconforme, la parte peticionaria acudió ante nos y señaló la comisión de los siguientes errores por el Tribunal de Primera Instancia:

"Erró el TPI al resolver sin lugar mediante una Minuta-Orden la solicitud de la parte demandada peticionario para que desestimara y/o dictara sentencia sumaria sobre la reclamación de la parte demandante al intentar obtener unos remedios basados en unos hechos adjudicados por una agencia administrativa -DACO-, lo que implica una relitigación y convalidación de un conflicto de jurisdicción entre una agencia administrativa y el tribunal contraria a derecho."

## Sentencia Sumaria

La sentencia sumaria, regida por la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, es un mecanismo extraordinario para aligerar la tramitación de los pleitos prescindiendo de la celebración de juicios en los méritos. Utilizada correctamente contribuye a descongestionar los casos en los tribunales. *Luán Investment v. Rexach Construction Co.*, 152 D.P.R. 652, 665 (2000). La Regla 36.2 de ese cuerpo de reglas, permite a una parte a presentar una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Por ser su propósito el resolver casos que no presentan controversias genuinas de hechos relevantes, sólo es meritorio dirimir las controversias de derecho. *Vera Morales v. Bravo Colón*, 161 D.P.R. 608 (2004).

Para que proceda dictar una sentencia sumaria, la parte que la promueve tiene que establecer su derecho con claridad y tiene que demostrar que no existe controversia sustancial sobre ningún hecho material, es decir, sobre ningún componente de la causa de acción. El tribunal debe analizar, además, si hay alegaciones en la demanda que no han sido refutadas por la prueba que se acompaña en la moción de sentencia sumaria. *Corp. Presiding Bishop v. Purcell*, 117 D.P.R. 714, 720 (1986). El peso de establecer la ausencia de controversia real sobre los hechos relevantes y que el derecho le favorece, recae siempre sobre la parte solicitante. *Hurtado v. Osuna*, 138 D.P.R. 801, 809 (1995).

Para oponerse a la solicitud de sentencia sumaria, la parte contraria deberá presentar documentos y declaraciones juradas que demuestren que hay controversia real sobre los hechos pertinentes y esenciales que el solicitante presenta como indubitados. No debe cruzarse de brazos ni meramente oponerse descansando en sus alegaciones. *Luán Investment*, 152 D.P.R., a la pág. 665. La ausencia de tal prueba, sin embargo, no conlleva la concesión de la sentencia sumaria a favor del solicitante. *Vera Morales, supra*; *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881, 912 y 913 (1994). Cualquier duda sobre la existencia de una controversia de hechos *bona fide* debe ser resuelta en contra de la parte que solicita la sentencia sumaria. *Mamt. Service Corp., v. E.L.A.*, 152 D.P.R. 599, 610 (2000).

En cuanto al método de análisis de una solicitud de sentencia sumaria, nuestro Tribunal Supremo expresó que:

"Al dictar sentencia sumaria, el tribunal deberá: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como aquéllos que obren en el expediente del tribunal; (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción, una controversia real sobre

algún hecho material y esencial; o (4) como cuestión de derecho no procede." *Vera Morales v. Bravo Colón,* *supra,* a la página 750; *Padín v. Rosy,* 100 D.P.R. 259, 263 (1971).

La sentencia sumaria sólo debe dictarse en casos claros, cuando el tribunal tenga ante sí toda la verdad sobre todos los hechos pertinentes. *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714 (1986).

## Cosa Juzgada

En nuestro ordenamiento civil, la doctrina de cosa juzgada está tipificada en el Artículo 1204 del Código Civil, 31 L.P.R.A. sec. 3343, y en el Artículo 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1793. Esta doctrina persigue como propósito, el proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones, tratándose de la misma controversia y promover la economía judicial y administrativa al evitar litigios innecesarios y decisiones inconsistentes. *Pereira v. Hernández,* 83 D.P.R. 160, 166 (1961); *A & P Gen. Contractors v. Asoc. Caná,* 110 D.P.R. 753, 761 (1981); *Rodríguez v. Colberg,* 131 D.P.R. 212, 218 (1992). Como defensa, la mencionada doctrina tiene el efecto de evitar que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas con propiedad en la acción anterior. *Worldwide Food Distributors, Inc. v. Colón Bermúdez,* 133 D.P.R. 827, 834 (1993). La aplicación de esta doctrina impide relitigar, no sólo lo que se litigó, sino lo que se pudo haber litigado en el pleito anterior sobre la misma causa de acción. *Mercado Riera v. Mercado Riera,* 100 D.P.R. 940, 950 (1971). Esencialmente, la doctrina persigue que en un sólo litigio, se obtengan los remedios a que tengan derecho las partes; impidiendo así, el fraccionamiento de la causa de acción que comprende reclamos al amparo de teorías legales distintas. *Ramos González v. Medina,* 121 D.P.R. 312, 339-340 (1988). La doctrina de cosa juzgada requiere que, para darle efecto a la presunción de cosa juzgada en otro pleito, exista la más perfecta identidad entre las cosas, causas, las personas litigantes y la calidad en que lo fueron en el caso resuelto por la sentencia y aquél en que dicha defensa afirmativa sea invocada. *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720, 732-733 (1978); *Acevedo Santiago v. Western Digital Caribe, Inc.,* 140 D.P.R. 452 (1996).

En *Mercado Riera v. Mercado Riera, supra,* el Tribunal Supremo de Puerto Rico, citando a Manresa, *Comentarios al Código Civil Español,* Tomo VIII, Vol. II (5ta. Edición, 1950), establece que el requisito de identidad de "causa" que requiere el Artículo 104 del Código Civil significa que:

"Para los efectos de la cosa juzgada, la palabra causa tiene un sentido que no es de razón o motivo de un contrato o acto jurídico. Significa el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas, y no debe confundirse con los medios de prueba ni con los fundamentos legales de las pretensiones deducidas por las partes."

Es en general posible el ejercicio sucesivo de diferentes acciones, podrá constituir lo primeramente resuelto cosa juzgada para el segundo pleito, cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma: así, desestimada la petición de un supuesto condueño reclamando la copropiedad que se le niega, es lógico que aquel no podrá ejercitar luego la acción para pedir la división de la cosa común, etc.

En *Pagán Hernández v. U.P.R., supra,* el Tribunal Supremo reconoció que en el ámbito administrativo, la doctrina de cosa juzgada asume tres vertientes, a saber, su aplicación intraagencial, interagencial, y entre las agencias y los tribunales. Se reiteró, además, que su aplicación en dicho ámbito es flexible. En particular, cuando se refiere a la vertiente entre las agencias y los tribunales, su aplicación dependerá de la naturaleza de la cuestión que se plantea en el ámbito judicial. A su vez, no es recomendable su aplicación cuando el demandado no ha tenido los incentivos para litigar de forma rigurosa las controversias surgidas en el primer proceso. *Acevedo Santiago v. Western Digital Caribe, Inc.,* 140 D.P.R. 452 (1996); *A & P Contractors v. Asoc. Caná,*

*supra.*

Asimismo, es necesario señalar que los casos permeados de consideraciones de orden público están exentos de la aplicación rígida de la doctrina. A la luz de lo anterior, en *Acevedo Santiago v. Western Digital Caribe, Inc.*, *supra*, el Tribunal Supremo recalcó que cuando la naturaleza de lo planteado en el foro administrativo es distinta a la dilucidada en el foro judicial, lo razonable es no aplicar la doctrina de cosa juzgada.

## La Doctrina de Agotamiento de Remedios

La doctrina de agotamiento de remedios administrativos es de aplicación a aquellos casos en los cuales una parte, que instó o tiene instada una acción ante una agencia administrativa acude luego a un tribunal, sin antes haber completado todo el trámite administrativo disponible. *Ortiz Rivera v. Panel sobre el Fiscal Especial Independiente,* **2001 J.T.S. 137**, en la pág. 172.

La Ley Núm. 170 de 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo (LPAU), recoge la doctrina de agotamiento de remedios al establecer que:

"El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva de los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa." 3 L.P.R.A. § 2173.

La doctrina de agotamiento de remedios administrativos tiene el propósito de evitar una intervención judicial innecesaria y a destiempo que interfiera con el cauce y desenlace normal del proceso administrativo. *Igartúa De La Rosa v. A.D.T,* 147 D.P.R. 318 (1998). De esta manera. la agencia tiene la oportunidad de rectificar sus errores durante el proceso administrativo y se permite, además, la compilación de un expediente administrativo completo que facilite el proceso de revisión judicial. *Mercado Vega v. U.P.R.*, 128 D.P.R. 273 (1991).

Mediante esta doctrina, los tribunales discrecionalmente se abstienen de revisar la actuación de una agencia gubernamental hasta tanto la persona afectada agote todos los remedios administrativos disponibles y, por lo tanto, la decisión refleje la posición final de la entidad estatal. *Rivera v. E.L.A.,* 121 D.P.R. 582, 593 (1988).

## II

Alega el apelante que erró el TPI al resolver sin lugar la solicitud de desestimación y/o sentencia sumaria sobre la reclamación del recurrido, ya que representa una relitigación de hechos adjudicados por D.A.C.O. y convalidación de un conflicto de jurisdicción entre una agencia administrativa y el tribunal.

De entrada, debemos señalar que tanto la querella presentada por la peticionaria ante D.A.C.O., como la demanda presentada por la recurrida ante el Tribunal de Primera Instancia, surgen de la misma relación contractual. Sin embargo, las reclamaciones hechas por la parte peticionaria en su querella ante D.A.C.O., fueron llevadas en calidad de consumidor y las mismas se basaron en el incumplimiento de la recurrida en completar la obra pactada y los defectos de construcción alegados. El D.A.C.O., en su Resolución, que al día de hoy es final y firme, ordenó a la recurrida el pago por los defectos en la obra, esto es, los $10,000.00 pactados en el acuerdo entre las partes.

Otra es la causa de acción en la demanda del caso ante nos. La misma se trata de una reclamación en cobro

de dinero en la que la recurrida solicita el pago por la obra entregada a los peticionarios y los daños causados por el alegado incumplimiento de contrato. Como es sabido, el propósito primordial del Departamento de Asuntos del Consumidor es vindicar e implementar los derechos del consumidor, (31 L.P.R.A. sec. 341 b), no así atender reclamos en cobro de dinero de los suplidores de servicios. Por ello, el foro apropiado para la acción en cobro presentada por la parte recurrida es el Tribunal de Primera Instancia.

Es por lo anterior que no estamos ante un panorama de conflicto de jurisdicción o de falta de agotamiento de remedios como aduce la peticionaria. Tampoco es posible concluir que la acción promovida es cosa juzgada, toda vez que estos planteamientos no fueron tocados ante el foro administrativo. Más aún, de la resolución del D.A.C.O. del 4 de diciembre de 2006, surge que el acuerdo de transacción logrado entre las partes ante el foro administrativo, es independiente de la acción civil que se presentó ante el foro de instancia.

Una revisión del expediente nos obliga a concluir que el error alegado no fue cometido. Los hechos del presente caso son impedimento para resolver la causa de acción ante nos mediante sentencia sumaria a este punto de los procedimientos. A esto hay que añadir que los Tribunales tienen como norte que los casos sean resueltos en los méritos, cuando del expediente surge duda sobre los hechos materiales.

### III

Por todo lo anterior, se deniega la expedición del auto de *certiorari,* así como la moción sobre la paralización del señalamiento de vista en auxilio de jurisdicción presentada por la parte peticionaria.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria del Tribunal.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones